## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ROLLIE WATERHOUSE, PLAINTIFF IN ERROR.

Submitted January 29, 1932—Decided May 2, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff in error, *Samuel P. Orlando.*

For the state, *Joseph J. Summerill, Jr.,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was convicted of robbery, and brings this writ of error in the customary double aspect. The assignments of error, and causes for reversal pursuant to sections 136-7 of the Criminal Procedure act, each thirteen

in number, are identical. In none of them is it set up that the verdict was against the weight of evidence.

The first eight asignments and specifications (some of which are abandoned) relate to rulings of the court on the admission of testimony, but they are all general in form and therefore require no consideration. *Donnelly* v. *State,* 26 *N. J. L.* 463, 512; *State* v. *Herron,* 77 *Id.* 523, 525; *State* v. *Lewis,* 98 *Id.* 618; *State* v. *Blaine,* 104 *Id.* 325; *Booth* v. *Keegan,* 108 *Id.* 538.

Grounds 9 and 10 challenge the refusal of the trial judge to direct an acquittal when the state rested, and again at the close of the evidence. No question is raised with respect to the *corpus delicti;* the only point made is that there was not sufficient identification of the plaintiff in error as a participant in the robbery to justify submission to the jury of the question whether he was present and participated. The testimony of the witness Riley, who was night man in charge of the gasoline station where the robbery was committed, sufficed in itself to raise a jury question on this point. Riley's testimony was positive in identification of the plaintiff in error as the particular one of the three men concerned, who presented a pistol, ordered Riley to hold up his hands, and held him in that position while the others attended to the cash box. The defense was alibi but the question of fact of course, remained for the jury to consider.

The twelfth assignment and specification charge that the verdict was received in the absence of plaintiff in error and of his counsel, so that they were deprived of opportunity to poll the jury.

There is no merit whatever in this point. The case shows that there was "a motion for a new trial and that the verdict be set aside and judgment arrested," which was denied. The grounds of the motion do not appear in the record. But testimony was taken before the trial judge on this motion; and it shows that after the jury had been charged they were locked up at three-fifteen P. M., and that the judge left the court room. Defendant's counsel also left, saying to defendant, "you stay here until you get notice to go home." Defendant waited until seven or eight o'clock and asked a court officer

whether he could go home and was told that as he was under bail he was free to go home if he chose. Defendant testified that he "thought the jury was locked up for the night," but there is no testimony that anyone so informed him. As we observed in *State* v. *Simon,* 101 *N. J. L.* 11 (at *p.* 13), "normally the defendant is supposed to wait in the court room for the verdict and to be present when it is rendered, and if absent therefrom is absent at his peril." *Jackson* v. *State,* 49 *Id.* 252; 50 *Id.* 175. Therefore, if the verdict was lawfully rendered and received in other respects, the absence of the defendant of his own motion and without being misinformed touching the situation by anyone in authority, will not vitiate it. In *State* v. *Simon, supra,* the jury had actually been locked up for the night and the defendant had been put out the court room and told to go away until the morning; so that case is radically different on the facts.

The serious point in the case is raised by the eleventh and thirteenth assignments and specifications. It is alleged that the clerk received the verdict in the absence of the judge, and without having been directed by him so to do. *Pamph. L.* 1899, *p.* 218; *Comp. Stat.,* 1844, *pl.* 74a. If it were properly made to appear that the clerk took the verdict in the absence of the judge and without having been directed by him so to do, we might be required to reverse this judgment; but this does not appear. The testimony taken on the motion does indeed show that the judge was absent when the clerk received the verdict; but it does not show, and throughout this testimony, as we read it, no attempt was made to show, that the clerk had not been duly authorized to receive the verdict in the absence of the judge. The language of the statute is as follows: "The court in which any criminal case is tried before a jury, except in a capital case, may direct the verdict of the jury to be taken by the clerk or his representative in open court, in the absence of the judge or judges of the court, and the judge may order that the court remain open for that purpose, and any such verdict shall be as good and effectual as if the same were given in the presence of the judge or judges." Section 160 of the Practice act of 1903 (*Comp. Stat., p.* 4103), contains

a similar provision affecting civil cases. It is to be observed that by the statute the judge is to order that the court "remain open," notwithstanding his absence. Turning to the record in this case, we find it says that "after argument of counsel and charge by the court, the jury retired to consider of their verdict, and afterward *come again into court,* and by their foreman say," &c. The necessary import of the words italicized is that the court was then open.

One of the fundamental maxims of judicial procedure is that all things are presumed to be correctly and solemnly done. 22 *C. J.* 128; 1 *Bish. New Crim. Pro.* § 1356; *Sutton* v. *Petty,* 5 *N. J. L.* 504; *Vanderveere* v. *Gaston,* 25 *Id.* 615, 620; *Loweree* v. *Newark,* 38 *Id.* 151; *Demster* v. *Frech,* 51 *Id.* 501; *Phillips* v. *Longport,* 90 *Id.* 212; *Kein* v. *Katz,* 92 *Id.* 406; *Steinberg* v. *Mindlin,* 94 *Id.* 32. In the absence of anything in the record to the contrary, every reasonable presumption will be indulged in favor of the regularity and validity of the verdict. 17 *C. J.* 225, *tit. "Criminal Law."* That presumption obtains in the case at bar. The fact that the clerk received the verdict in the absence of the judge is entirely consistent with the further fact, presumed in favor of the regularity of the verdict and implied by the language of the record above quoted, that the court authorized the clerk to take the verdict as provided by the statute. There is nothing before us to rebut that presumption. The depositions above referred to and bearing on the absence of the defendant from the court room were taken before the judge himself, and if it had been intended to raise the point of lack of authority in the clerk to receive the verdict, that was the time to raise it.

The judgment will be affirmed.